(128 App. Div. 165.)

UMBERG v. NEINKEN et al.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. VENDOR AND PURCHASER—CONTRACT—PERFORMANCE BY VENDOR.
    So long as an alteration in a house made by the vendor is in accordance, not only with his contract of sale, but with Tenement House Act (Laws 1901, p. 895, c. 334) § 20, it is no ground for the purchaser refusing to take title that the alteration is made without the plans and specifications being previously filed with the tenement house department and its approval being obtained in advance, as required by section 121 (page 915).

2. MUNICIPAL CORPORATIONS — BUILDING REGULATIONS — TENEMENT HOUSE HALLS—"THREE FEET WIDE IN THE CLEAR."
    The entrance hall in a tenement house is three feet wide in the clear to the rear of the stairway, as required by Tenement House Act (Laws 1901, p. 895, c. 334) § 20, it being in fact 3 feet 5 inches in width for all such distance, except that a chimney breast 4 feet wide extends into it from the side wall 1 foot.

Appeal from Trial Term, Kings County.

Action by Frieda Umberg against Morris Neinken and another. From a judgment for plaintiff, entered on a decision after a trial without a jury, defendants appeal. Reversed, and new trial ordered.

The action was by the vendee to recover the sum paid by her to the vendors on a contract for the purchase of real estate.

The contract contained the following clause:

"It is expressly agreed by the sellers, that they will make the following alterations to the within premises, prior to the taking of title, to wit:

"To rip out a part of the kitchen of the ground floor apartment, and thereby extend the passage way of the present hall on the ground floor, to the end of the front building, leading towards the entrance of the yard through said hall; to plaster, paper and paint every part that will be ripped out in making said alteration; to readjust the range in the kitchen where such repair will be made, and to reconnect any fixtures that will thereby be removed, and otherwise complete same in every respect."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Jacob W. Kahn, for appellants.
Henry Hetkin, for respondent.

GAYNOR, J. The plaintiff refused to take title on the grounds (1) that the defendant made the alteration he was required to make by the contract without first filing the plans and specifications therefor

with the tenement house department of the city of New York, and getting the approval thereof by such department, as required by section 121 of the tenement house act (Laws 1901, p. 915, c. 334); and (2) that said alteration was not made in accordance with the requirements of section 20 of the said act. If the second objection be not true, the first is not good, for if the work was done in the way required by the said act, the failure to have the plans and specifications for it filed and approved in advance would be unsubstantial.

It is the following provision of section 20 which is claimed not to have been complied with in the manner of doing the work, viz.:

"Every entrance hall in a tenement house hereafter erected shall be at least 3 feet 6 inches wide in the clear, from the entrance up to and including the stair enclosure, and beyond this point at least three feet wide in the clear."

The house was 60 feet deep. The hall, which was along the side wall, was 45 feet deep and 5 feet 7 inches wide. The rear end of it ran up against the kitchen, which extended over to the side wall. The agreement in the contract was to rip out that side of the kitchen and extend the hall all the way to the rear of the building so as to have entrance to the back yard. If this rear hall is an "entrance hall," or part of the "entrance hall," i. e., the front "entrance hall," referred to by section 20, which is now said, it was built in compliance with section 20. The objection is that it is not three feet wide as required by the said section. It is in fact 3 feet 5 inches wide for its whole length of 15 feet, except that a chimney breast about 4 feet wide, or the sides thereof, extends into it from the side wall between 11 and 12 inches. The act does not intend that halls may not have mantels or chimneys, or the like, of the ordinary kind, in them. They of course might be so long and wide, and take up so large a proportion of the length and width of the hall, that the hall as a whole could not be said to be three feet wide, but that is not the case here. It is wider than that, with the minor exception of the chimney.

The judgment should be reversed.

Judgment and order of the County Court of Kings county reversed, and new trial ordered; costs to abide the event. All concur.